UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LYNN S. LANGLOIS, ET AL

V.

KIRBY INLAND MARINE, LP

CIVIL ACTION

NO. 15-608-JWD-SCR

## RULING AND ORDER

This Court *sua sponte* ordered Defendant Kirby Inland Marine, LP to show cause within fourteen days as to why this Court should not remand this action in light of *Harrold v. Liberty Insurance Underwriters, Inc.*, CIV.A. 13-762, 2014 WL 5801673 (M.D. La. 2014). (Doc. 4). Subsequently, Defendant filed its Memorandum in Opposition to *Sua Sponte* Motion to Remand. (Doc. 16).

For the reasons set forth below, the action *Langlois, et al v. Kirby Inland Marine, LP*, 3:15-cv-00608-JWD-SCR is hereby remanded to the 18th Judicial District Court for the Parish of Iberville, Louisiana.

## I.   Relevant Factual and Procedural Background

### a.   Plaintiffs' Allegations

Lynn and Rosemary Langlois ("Plaintiffs") alleged in their state court Petition that M/V *Dixie Volunteer*, a vessel owned and operated by Kirby Inland Marine, LP ("Defendant" or "Kirby"), was traveling southbound in the Intracoastal Waterway in the vicinity of Plaintiffs' house boat and flat boat. (Doc. 1-1, p. 1 ¶ 5). Plaintiffs alleged that at the same time, the M/V *Governor Mike Huckabee*, a vessel owned by Blessey Marine Services, Inc. was traveling northbound in the vicinity of Plaintiffs' houseboat and flat boat. (Doc. 1-1, p. 1-2 ¶ 6). Plaintiffs allege that Kirby's vessel was traveling too close to the middle of the Intracoastal Waterway and

left the Blessey vessel with insufficient space to either change course or safely pass Plaintiffs' house boat and flat boat. (Doc. 1-1, p. 2 ¶¶ 7, 9). Plaintiffs assert that the Blessey vessel collided with their house boat and flat boat causing catastrophic structural damage to their house boat and motor, as well as the loss of considerable personal property. (Doc. 1-1, p. 2 ¶ 11). Additionally, Plaintiffs claim the collision caused considerable damage to the flat boat and motor. (Doc. 1-1, p. 2 ¶ 12.).

### b. Procedural Background

On September 10, 2015, Defendant filed a Notice of Removal with this Court to remove the state court suit brought by Plaintiffs. (Doc. 1). Defendant asserts in its Notice of Removal that "[t]his cause is specifically removable to this Honorable Court pursuant to law, particularly the provision of 28 U.S.C. § 1333." (Doc. 1, p. 2 ¶ VI). On September 15, 2015, the Court *sua sponte* ordered Defendant to show cause within fourteen days as to why this Court should not remand this action in light of *Harrold*. (Doc. 4). Plaintiffs were given seven days thereafter to respond. (Doc. 4). Defendant filed a memorandum opposing remand on September 28, 2015. (Doc. 16). Plaintiffs have not filed a response.

### c. Defendant's Memorandum

The crux of Defendant's argument against remand is the apparent disagreement within this Court as to whether the 2011 amendments to 28 U.S.C. § 1441 allow for removal of general maritime claims. (Doc. 16, pp. 2-6). Defendant contends that this Court's previous ruling in *Harrold* is distinguishable because that case concerned Jones Act claims. (Doc. 16, p. 4). Defendant argues that because the case at bar does not concern Jones Act claims, this Court's ruling in *Provost v. Offshore Service Vessels, LLC*, CIV.A. 14-89-SDD-SCR, 2014 WL 2515412 (M.D. La. June 4, 2014), decided prior to *Harrold*, should control because *Provost* did not

concern Jones Act claims. (Doc. 16, p. 4). Further, Defendant asserts that this judge's "overarching" consideration in *Harrold* concerning general maritime claims "arguably stands in contrast to the purpose of [its] Memorandum," but claims "that portion of the opinion is dicta, anomalous to the *Provost* decision, and not controlling … in the instant case." (Doc. 16, p. 4).

Next, Defendant argues that another case in this Court, *Bartel v. Alcoa Steamship Company*, 64 F. Supp. 3d 843 (M.D. La. 2014), decided one month subsequent to *Harrold*, "tacitly approved the *Provost* holding." (Doc. 16, p. 4). Defendant claims that *Bartel* distinguished itself from *Provost* because *Bartel* concerned claims under the Jones Act. (Doc. 16, p. 4). Defendant argues that *Bartel*'s rationale implies that if *Provost* concerned a Jones Act claim it would not have been removable, and "as a logical extension of that holding," *Bartel* "stands for the proposition that because the *Provost* plaintiff did not seek a remedy under the Jones Act, removal of the plaintiff's claims under the general maritime law in *Provost* was warranted." (Doc. 15, pp. 4-5) (emphasis omitted).

Additionally, Defendant asserts that "[t]rial by jury was not requested by the Plaintiffs and no remedy has been requested which cannot be pursued in a federal forum, so the savings to suitors clause is not implicated." (Doc. 16, p. 5). Finally, Defendant contends that "Plaintiffs did not assert a claim under the Jones Act, so the holdings of *Harrold* and *Bartel* are distinguishable." (Doc. 16, p. 6).

## II. Discussion

"The federal removal statute ... is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

"[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendant's argument that general maritime claims can be removed to federal court places two decisions of this Court, *Harrold* and *Provost*, at odds with each other. In *Provost*, this Court agreed with the decision of *Ryan v. Hercules Offshore*, *Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. May 13, 2013), that the 2011 "amendment to § 1441 allows removal of general maritime claims." *Provost*, 2014 WL 2515412, at *3. Conversely, in *Harrold*, the Court disagreed with *Ryan* and found that "the correct view is also the majority view and that general maritime claims are not removable, despite the changes to 28 U.S.C. § 1441." *Harrold*, 2014 WL 5801673, at *3. Thus, the Court begins its discussion with § 1441.

### a.   Removability of General Maritime Claims

Prior to the 2011 amendment, 28 U.S.C. § 1441 provided, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2011).

Under this previous version, "federal law was well-settled that maritime tort actions commenced in the state courts were non-removable in the absence of an independent

4

jurisdictional basis by operation of the 'saving to suitors clause' and 28 U.S.C. § 1441(b)." *Mitev v. Resort Sports Ltd.*, — F. Supp. 3d —, 2015 WL 5693678, at *3 (S.D. Fla. Sept. 23, 2015); *see also Boudreaux v. Global Offshore Resources*, *LLC*, CIV.A. 14-2507, 2015 WL 419002, at *2 (W.D. La. Jan. 30, 2015) ("Before the amendment, the general rule in the Fifth Circuit was that maritime claims were not removable absent a basis of jurisdiction outside of admiralty.") (citing *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996) (maritime claim is not removable under the first sentence of § 1441(b) by falling within the admiralty jurisdiction of the federal courts, but is removable when original jurisdiction is based on something other than admiralty); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) (admiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship)).

The "saving to suitors" clause is contained in 28 U.S.C. § 1333, which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

This Court has recently explained the "saving to suitors" clause as thus:

> [U]nder § 1333's "saving to suitors" clause, the case may be brought in state or federal court. *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 204, 92 S.Ct. 418, 420–421, 30 L.Ed.2d 383 (1971). What is "saved" to the suitor in § 1333 is not only the right to bring a maritime case in a non-maritime court (state court or federal court at law, assuming an alternative basis for federal jurisdiction), but the right of the litigants to take advantage of the procedural differences between a federal court "in admiralty" and that of the non-maritime court. *See* 1 Robert Force and Martin J. Norris, *The Law of Maritime Personal Injuries,* § 1:6 (5th ed.2013); 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* §§ 4–4, 21–1 (5th ed.2014). However, regardless of the court in which the case is brought, maritime substantive law is applicable. *East River S.S. Corp. v. Transamerica Delaval,* 476 U.S. 858, 864,

5

> 106 S.Ct. 2295, 2298–2299, 90 L.Ed.2d 865 (1986); *Victory Carriers,* 404 U.S. at 204, 92 S.Ct. at 420–421; *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 628, 79 S.Ct. 406, 408–409, 3 L.Ed.2d 550 (1959).

*Bourgeois v. Weber Marine, LLC*, 80 F. Supp. 3d 721, 724 (M.D. La. 2015).

In a recent case decided under this previous version of § 1441, the Fifth Circuit recognized that:

> [E]ven though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court. *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 377–79, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, *see id.,* and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship. *In re Dutile,* 935 F.2d 61, 63 (5th Cir.1991).

*Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 219 (5th Cir.2013).

However, 28 U.S.C. § 1441 was amended pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, § 1441, 125 Stat. 758, 759 (2011) ("JCVA"), and now provides:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.

As recently recognized by the Fifth Circuit, "[t]here is disagreement among district courts in this circuit … regarding whether general maritime claims are removable, even absent an independent basis for jurisdiction, in light of Congress's December 2011 amendment to 28 U.S.C. § 1441(b)." *Riverside Const. Co., Inc. v. Entergy Mississippi, Inc.*, 15-60252, 2015 WL 5451433, at *3 (5th Cir. Sept. 17, 2015) (unpublished). The Fifth Circuit acknowledged that they have "not yet spoken directly on this issue." *Id.* (citing by analogy *Barker*, 713 F.3d at 223 (5th Cir.2013) (describing the 2011 amendment to 28 U.S.C. § 1441(b) as a "recent clarification" and noting that "cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 *may* require complete diversity prior to removal" (emphasis added)). In declining to decide the issue,[1] the Fifth Circuit "observe[d] that this issue is 'hotly contested' and unresolved." *Id.* at *3 n. 3.

The disagreement between district courts, including within this Court, stems from Judge Miller's decision in *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. May 13, 2013). *Ryan* is "[t]he leading authority for the view that the 2011 amendments have altered the prior law and made maritime cases removable into admiralty[.]" Michael F. Sturley, *Removal into Admiralty: The Removal of State-Court Maritime Cases to Federal Court*, 46 J. Mar. L. & Com. 105, 116 (2015). While Defendant does not specifically cite to *Ryan*, its argument that *Provost* controls places *Ryan* squarely at the center of its argument because this Court agreed with *Ryan* in *Provost*.

As this Court has previously discussed, *Ryan* was "based on [a] detailed statutory analysis" and "concluded that changes to the second sentence of 28 U.S.C. § 1441(b) … removed the statutory basis for the non-removability of admiralty claims in the absence of

---

[1] *Riverside* concerned the trial court's denial of the plaintiff's request for attorney's fees and expenses, and whether the defendant had an objectively reasonable basis for removal. *Riverside*, 2015 WL 5451433, at *1.

another basis for jurisdiction as stated by the Fifth Circuit." *Perise v. Eni Petroleum*, *U.S. L.L.C.*, CIV.A. 14-99-SDD-RLB, 2014 WL 4929239, at *5 (M.D. La. Oct. 1, 2014) (citing *Ryan*, 945 at 775-77).

Some decisions, including several from this Court, followed the *Ryan* decision. *See, e.g., Exxon Mobil Corp. v. Starr Indem. & Liab. Co.,* CIV.A. H-14-1147, 2014 WL 2739309, at *2 (S.D. Tex. June 17, 2014), *remanded on other grounds on reconsideration,* CIV.A. H-14-1147, 2014 WL 4167807 (S.D. Tex. Aug. 20, 2014); *Provost v. Offshore Service Vessels, LLC,* CIV.A. 14-89-SDD-SCR, 2014 WL 2515412, at *3 (M.D. La. June 4, 2014); *Garza v. Phillips 66 Company*, CIV.A. 13-742-SDD, 2014 WL 1330547, at *4 (M.D. La. April 1, 2014); *Carrigan v. M/V AMC AMBASSADOR*, CIV.A. H-13-03208, 2014 WL 358353, at *2 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, CIV.A. 13-477-JJB, 2013 WL 6092803, at *5 (M.D. La. Nov. 19, 2013); *Wells v. Abe's Boat Rentals Inc.,* 2013 WL 3110322, at *3 (S.D. Tex. June 18, 2013); *but see Perise v. Eni Petroleum*, *U.S. L.L.C.*, CIV.A. 14-99-SDD-RLB, 2014 WL 4929239, at *5 (M.D. La. Oct. 1, 2014) (decided on other grounds, but noting that the district judge had not considered the argument that the "saving to suitors" clause bars removal of general maritime actions, in the absence of an independent ground for the court's original jurisdiction, where the plaintiff requested a jury trial in state court).

However, there is a "growing chorus of district courts that have concluded that the JVCA did not upset the long-established rule that general maritime law claims, saved to suitors, are not removable to federal court, absent some basis for original federal jurisdiction other than admiralty." *Serigny v. Chevron U.S.A., Inc.*, CIV.A. 14-0598, 2014 WL 6982213, at *4 (W.D. La. Dec. 9, 2014). Indeed, the "chorus of district courts" continues to grow and add new voices. *See, e.g., Mitev v. Resort Sports Ltd.*, — F. Supp. 3d —, 2015 WL 5693678, at *3-4 (S.D. Fla.

Sept. 23, 2015); *Sanders v. Cambrian Consultants (CC) Am., Inc.*, — F. Supp. 3d —, 2015 WL 5554639, at *4-5 (S.D. Tex. Sept. 21, 2015); *Nassau County Bridge Authority v. Olsen*, — F. Supp. 3d —, 2015 WL 5474354, at *10-11 (E.D.N.Y. Sept. 19, 2015); *Jimenez v. U.S. Envtl. Services, LLC*, 3:14-CV-0246, 2015 WL 4692850, at *3-4 (S.D. Tex. Aug. 6, 2015); *Ritchy v. Kirby Corp.*, CIV.A. 3:14-CV-0272, 2015 WL 4657548, at *4 (S.D. Tex. Aug. 5, 2015); *Parish v. Exxon Mobile Corp.*, CIV.A. 13-6717, 2015 WL 4097111, at *16-20 (E.D. La. July 7, 2015); *Parish v. BEPCO, L.P.*, CIV.A. 13-6704, 2015 WL 4097062, at *15-18 (E.D. La. July 7, 2015); *Defelice Land Co., LLC v. Conocophillips Co.*, CIV.A. 15-614, 2015 WL 3773034, at *5 (E.D. La. June 17, 2015); *Jefferson Parish v. Eq. Petroleum Corp.*, CIV.A. 13-6714, 2015 WL 2372362, at *10-11 (E.D. La. May 18, 2015); *Carnes v. Friede & Goldman, L.L.C.*, — F. Supp. 3d —, 2015 WL 2185317, at *4 (E.D. Tex. May 11, 2015); *Clear Lake Marine Ctr., Inc. v. Leidolf*, CIV.A. H-14-3567, 2015 WL 1876338, at *2 (S.D. Tex. Apr. 22, 2015); *J.P. v. Connell*, — F. Supp. 3d —, 2015 WL 1346976, at *3-4 (M.D. Fla. Mar. 26, 2015); *Waddell v. Edison Chouest Offshore*, — F. Supp. 3d —, 2015 WL 1285718, at *8-9 (S.D. Tex. Mar. 20, 2015); *Progressive Mountain Ins. Co. v. Dana C. McLendon Co.*, 2015 WL 925932, at *2-4 (D. S.C. March 4, 2015); *Boudreaux v. Global Offshore Resources, LLC*, CIV.A. 14-2507, 2015 WL 419002, at *1 (W.D. La. Jan. 30, 2015); *A.E.A. ex rel Angelopoulos v. Volvo Penta of the Americas, LLC*, 77 F. Supp. 3d 481 (E.D. Va. Jan. 9, 2015); *Parker v. U.S. Environmental Services, LLC*, 2014 WL 7338850, at *5 (S.D. Tex. Dec. 22, 2014); *Serigny v. Chevron U.S.A., Inc.*, CIV.A. 14-0598, 2014 WL 6982213, at *3 (W.D. La. Dec. 9, 2014); *Bartel v. Alcoa Steamship Co.*, 64 F. Supp. 3d 843, 849 (M.D. La. Dec. 4, 2014); *Bartel v. American Export Isbrandtsen*, 64 F. Supp. 3d 856, 863-64 (M.D. La. Dec. 4, 2014); *Harbor Docking & Towing, LLC v. Rolls Royce Marine North America, Inc.*, 2:14-CV-2487, 2014 WL 6608354, at *3 (W.D.

La. Nov. 19, 2014); *Rutherford v. Breathwite Marine Contractors, Ltd.*, 59 F. Supp. 3d 809, 813 (S.D. Tex. Nov. 12, 2014); *Harrold v. Liberty Ins. Underwriters*, CIV.A. 13-762, 2014 WL 5801673, at *3 (M.D. La. Nov. 7, 2014); *Yavorsky v. Felice Navigation, Inc.*, CIV.A. 14-2007, 2014 WL 5816999, at *5 (E.D. La. Nov. 7, 2014); *Dyche v. U.S. Environmental Services, LLC*, 72 F. Supp. 3d 692, 694-98 (E.D. Tex. Oct. 30, 2014); *Battel v. Crowley Marine Services*, CV 14-300-JJB-RLB, 2014 WL 5431536 at *4 n. 6 (M.D. La. Oct. 22, 2014); *Bisso Marine Co., Inc. v. techcrane Int'l, LLC*, 2014 AMC 2695, 2014 WL 4489618, at *4 (E.D. La. Sep. 10, 2014); *Riley v. Llog Exploration Co. LLC*, 2014 AMC 2504, 2014 WL 4345002, at *3 (E.D. La. Aug. 28, 2014); *Henry J. Ellender Heirs, LLC v. Exxon Mobil Corp.*, 42 F. Supp. 3d 812, 819-820 (E.D. La. Aug. 26, 2014) (alternate holding); *Bartman v. Burrece*, 3:14-CV-0080-RRB, 2014 WL 4096226, at *3-4 (D. Alaska Aug. 18, 2014); *Gregoire v. Enterprise Marine Services, LLC*, 38 F. Supp. 3d 749, 754 (E.D. La. Aug. 6, 2014); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, 2014 AMC 2324 (E.D. La. July 29, 2014); *Cassidy v. Murray*, 34 F. Supp. 3d 579, 584, 2014 AMC 2623 (D. Md. July 24, 2014); *Porter v. Great Am. Ins. Co.*, 2014 AMC 2259, 2014 WL 3385148 (W.D. La. July 9, 2014); *Figueroa v. Marine Inspection Services, LLC*, 28 F. Supp. 3d 677, 680, 2014 AMC 1886 (S.D. Tex. July 1, 2014); *In re Foss Maritime Co.*, 29 F. Supp. 3d 955, 960 (W.D. Ky. June 27, 2014); *Alexander v. Seago Consulting, LLC*, 4:14-CV-1292, 2014 WL 2960419, at *1 (S.D. Tex. June 23, 2014); *Hamerly v. TubalCain Marine Servs., Inc.*, 62 F. Supp. 3d 555, 560 (E.D. Tex. June 12, 2014); *Pierce v. Parker Towing Co.*, 25 F. Supp. 3d 1372, 1380 (S.D. Ala. June 9, 2014); *Gabriles v. Chevron USA, Inc.*, CIV.A. 2:14-00669, 2014 WL 2567101, at *4 (W.D. La. June 5, 2014); *Perrier v. Shell Oil Co.*, CIV.A. 14-490, 2014 WL 2155258, at *3 (E.D. La. May 22, 2014); *Rogers v. BBC Chartering America, LLC*, 4:13-CV-3741, 2014 WL 819400, at *1 (S.D. Tex. Mar. 3, 2014); *Coronel v. AK Victory*, 1

F. Supp. 3d 1175, 1187-89 (W.D. Wash. Feb. 28, 2014); *Barry v. Shell Oil Co.*, CIVA 13-6133,

2014 U.S. Dist. LEXIS 23657, 2014 WL 775662, at *3 (E.D. La. Feb. 24, 2014); *cf. Green v.*

*Ross Island Sand & Gravel Co.*, C 13-05431 SI, 2014 U.S. Dist. LEXIS 9194, at *9-10, 2014

WL 262133 (N.D. Cal. Jan. 23, 2014) (following 14A Charles Alan Wright, Arthur R. Miller &

Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction And Related Matters* § 3674

(2013)).

A number of these decisions have relied on the Supreme Court's holding in *Romero v.*

*International Terminal Operating Company*, 358 U.S. 354 (1959). As summarized by Judge

Duval, in a thorough and well-reasoned opinion:

> In [*Romero*], the Supreme Court considered the novel question of
> whether general maritime law claims were considered "laws of the
> United States" for purposes of federal question jurisdiction. This
> seminal case on admiralty jurisdiction issued a pronouncement that
> not only answered the narrow question regarding federal question
> jurisdiction but also elucidated the policies and purpose of the
> saving to suitors clause.
>
> The Court definitively decided that the Judiciary Act of 1875 did
> not "permit [ ] maritime claims rooted in federal law to be brought
> on the law side of the lower federal courts." [*Romero*] at 360, 79
> S.Ct. at 473. Unquestionably, the history of admiralty jurisdiction
> and federalism underscored the Supreme Court's decision in
> *Romero.* In reaching its conclusion, the Court carefully considered
> the "language and construction" of the Act of 1875 and "uncovered
> no basis for finding the additional design of changing the method
> by which federal courts had administered admiralty law from the
> beginning." *Id.* at 368, 79 S.Ct. at 478. If the Court had found an
> "infusion of general maritime jurisdiction" into the Act of 1875,
> the Court concluded that such a finding would both disregard the
> construction of the statute and have a "disruptive effect on the
> traditional allocation of power over maritime affairs in our federal
> system." *Id.* at 371, 79 S.Ct. at 479. The Court cited two instances
> of how these judicial policies would create such a "disruptive
> effect." First, the "historic option of a maritime suitor pursuing a
> common-law remedy to select his forum, state or federal, would be
> taken away ... since saving-clause actions would then be freely
> removable under s 1441." *Id.* at 371-72, 79 S.Ct. at 480. Second,
> by making maritime cases "removable to the federal courts it

11

would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve." *Id.* at 372, 79 S.Ct. at 480. The Court then further detailed complications resulting from a decision including general maritime law claims within the scope of the Act of 1875, emphasizing the fact that "[m]aritime law is not a monistic system." *See id*. at 372-76, 79 S.Ct. at 480-82.

*Gregoire v. Enter. Marine Services, LLC*, 38 F. Supp. 3d 749, 759-60 (E.D. La. Aug. 6, 2014).

Judge Duval further explained:

Because *Romero's* holding only addressed the question of whether the Judiciary Act of 1875 extended federal question jurisdiction to admiralty and maritime matters, some ambiguity surrounds the significance of its lengthy policy discussion—to which some courts and commentators refer to as dicta—on removal and the suitor's traditional choice in forum. Historically, the original Judiciary Act of 1789 provided only removal for diversity cases—not admiralty—and admiralty suits brought *in personam* on the law side of the federal court required some ground of jurisdiction independent of admiralty jurisdiction. Thus, maritime cases filed in state courts were removable to a federal court only if diversity jurisdiction existed. Since *Romero,* courts have continued to hold that admiralty or maritime suits may not be instituted on the law side of the federal court nor may "general maritime law claims ... be removed from state court unless there is an independent basis of jurisdiction present other than admiralty and maritime jurisdiction," and often cite to *Romero's* reasoning for guidance.

*Id.* at 760 (citations omitted) (summarizing cases and commentary).

Importantly, Judge Duval's opinion recently persuaded Judge Miller to alter course and join the majority view. Judge Miller reconsidered his *Ryan* decision in *Sanders v. Cambrian Consultants (CC) Am., Inc.*, — F. Supp. 3d —, 2015 WL 5554639 (S.D. Tex. Sept. 21, 2015). In that case, a Jones Act claim was fraudulently pleaded, in other words removal was not prohibited by the Jones Act, and, as such, removal turned on "whether the new removal statute permits removal of general maritime claims." *Id.* at *4.

Judge Miller first explained that "*Ryan* was properly decided on the facts and arguments presented in that case," and "given the dramatic change to admiralty law ... disagreement ... was not unexpected." *Id*. Judge Miller stated that "[d]isagreement alone does not cause the court to waiver in its confidence in its decision in the *Ryan* case." *Id.* However, Judge Miller further stated that "the court is charged with ensuring justice is done, and it is thus willing to reconsider previous decisions when new arguments or facts merit taking a second look." *Id.*

Judge Miller then reconsidered *Ryan* and explained:

> Here, Sanders has presented a sophisticated argument that was not raised in the *Ryan* case. When the court was considering *Ryan,* there had been no development of caselaw or legal commentary on how the amendment to the removal statute impacted admiralty claims in light of historical precedent and the Savings to Suitors clause. While the Fifth Circuit has not had the opportunity to address the amended statute since the *Ryan* case, numerous legal scholars have considered the issue. The best example of scholarly work on the issue, in the court's opinion, can be found in *Gregoire v. Enterprise Marine Services, LLC,* 38 F. Supp. 3d 749 (E.D. La. 2014) (Duval, J.). While *Gregoire* is an opinion, not a law review article, it thoroughly explores the history of the law as it relates to admiralty jurisdiction and removal of admiralty cases. It then provides a convincing argument why the amendments to the removal statute do not impact the historical bar on removal of maritime claims filed at law in state court. Specifically, when a maritime claim is filed in state court under the Savings to Suitors Clause, it is transformed into a case *at law,* as opposed to admiralty. The federal district courts thus do not have original jurisdiction under the Savings to Suitors Clause, which provides original jurisdiction over "[a]ny civil case of *admiralty or maritime* jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333 (emphasis added); *Gregoire*, 38 F. Supp. 3d at 759–62.

*Id.* at *4.

After considering *Gregorie*, Judge Miller held that "pursuant to the reasoning set forth in *Gregoire*, [the Court] does not have jurisdiction over the claim Sanders filed in state court pursuant to the Savings to Suitors Clause." *Id.* at *5.

13

In the words of Judge Chappell, Judge Miller will find that he is "in good company" among the majority. *See J.P. v. Connell*, — F. Supp. 3d —, 2015 WL 1346976, at *4 (M.D. Fla. Mar. 26, 2015).

### b.  Defendant's Arguments

#### i.  Whether *Provost* Controls

Turning back to the case at bar, Defendant argues that this Court's previous holding in *Provost*, which agreed with *Ryan*, controls rather than *Harrold*. First, the Court notes that when *Provost* was decided, there were relatively few cases on this issue. Further, "[f]rom May 2013 to June 2014, decisions went both ways on the issue with district courts grappling with whether to follow the *Ryan* court's plain reading approach or to follow hundreds of years of precedent finding such claims to be non-removable under the 'savings to suitors' clause." Jessica Link Martyn, Alistair Christian Deans, Mark DiCicco, Sarah Yantakosol et. al., *Recent Developments in Admiralty and Maritime Law*, 50 Tort Tr. & Ins. Prac. L.J. 155, 158 (2015). Since *Provost* was decided, the Middle District has changed its position and sided with the majority view "that general maritime claims are not removable, despite the changes to 28 U.S.C. § 1441." *Harrold*, 2014 WL 5801673, at *3. Additionally, "virtually all of the more recent [district court] decisions" have sided with the majority. *See* Sturley, *supra*, 46 J. Mar. L. & Com. 105, 119 (collecting cases); *see also* collected cases, *supra*. Thus, the Court rejects Defendant's argument that *Provost* controls here.

Next, Defendant argues that this judge's "overarching" consideration in *Harrold* concerning general maritime claims "is dicta, anomalous to the *Provost* decision, and not controlling … in the instant case." (Doc. 16, p. 4). The Court finds this argument is without merit. It is true that the Court in *Harrold* began its discussion of general maritime claims by

stating "even if this case had been brought solely as a general maritime law claim, it was not properly removed." *Harrold*, 2014 WL 5801673, at *2. However, the Court then explained that the defendant in that case "argue[d] that the 2011 amendments to 28 U.S.C. § 1441 ... changed the law with respect to removal of general maritime law claims." *Id.* at *3.

Further, Defendant's attempt to shroud *Harrold's* consideration of general maritime law claims in dicta fails to recognize that *Harrold* was decided on reconsideration. As this Court explained, "[the] Court initially agreed that the *general maritime law claim was properly removed* but severed the Jones Act claim and remanded it to state court." *Id.* at *1 (emphasis added). This Court's analysis of whether general maritime law claims were removable under the 2011 amendment to § 1441 was necessary to determine whether to remand the general maritime law claims or sever them as it had done previously.

Thus, the Court rejects Defendant's argument that its *Harrold* holding concerning general maritime law claims was dicta.

### ii.   Whether *Bartel* tacitly accepted *Provost*

Next, Defendant argues that this Court in *Bartel v. Alcoa Steamship Company*, 64 F. Supp. 3d 843 (M.D. La. 2014), decided one month subsequent to *Harrold*, "tacitly approved the *Provost* holding." (Doc. 16, p. 4). Defendant argues that *Bartel*'s rationale implies that if *Provost* concerned a Jones Act claim it would not have been removable, and "as a logical extension of that holding," *Bartel* "stands for the proposition that because the *Provost* plaintiff did not seek a remedy under the Jones Act, removal of the plaintiff's claims under the general maritime law in *Provost* was warranted." (Doc. 15, pp. 4-5) (emphasis omitted).

The Court rejects this argument. *Bartel*, pertinent to this case, concerned "a non-removable Jones Act claim ... brought against all Defendants." *Bartel*, 64 F. Supp. 3d at 851.

Defendant desires for this Court to broadly read *Bartel* as an acceptance of the *Provost* holding. However, *Bartel* readily distinguished itself from *Provost* because it concerned general maritime and Jones Act claims. In that case, this Court discussed recently remanded actions "where the plaintiff asserted both general maritime and Jones Act claims." *Id.* at 849.

The Defendants in *Bartel* argued that their general maritime law claims were removable pursuant to the 2011 amendment to § 1441. Further, the Plaintiff's "primary arguments focus on the non-removability of his Jones Act claims under the current version of § 1441(c)." *Id.* at 851. Thus, this Court found that the "decisions in this district allowing for the removal of general maritime claims are distinguishable." *Id.* Additionally, as Defendant acknowledges, this Court in *Bartel* distinguished itself from the first motion to remand in *Harrold*. *Bartel* did not address the reconsideration in *Harrold*.

Thus, because this Court in *Bartel* readily distinguished itself from *Provost*, the Court rejects Defendant's broad reading that *Bartel* tacitly accepted the holding in *Provost*.

### iii.   Whether Plaintiffs' General Maritime Claims are Removable

Next, Defendant argues that because "Plaintiffs did not assert a claim under the Jones Act … the holdings of *Harrold* and *Bartel* are distinguishable." (Doc. 16, p. 5). Defendant argues at length in its memorandum that Plaintiffs' claims were only brought as a general maritime law claims, and, as such, this Court should not remand this suit. (Doc. 16, p. 2-5). The Court is not persuaded.

The Court acknowledges that *Harrold* concerned Jones Act and general maritime law claims unlike the case at bar. However, as explained above, the defendant in *Harrold* made similar arguments on reconsideration that the 2011 amendment to § 1441 "changed the law with respect to removal of general maritime law claims." *Harrold* at *3. As explained above, this

Court rejected this argument and found that "the correct view is also the majority view and that general maritime claims are not removable, despite the changes to 28 U.S.C. § 1441." *Id.*

Moreover, of the cases that have remanded general maritime law claims since the 2011 amendment to § 1441 and the *Ryan* decision, many of those cases are analogous to the case at bar in that there was no claim under the Jones Act. *See, e.g., Nassau County Bridge Authority v. Olsen*, — F. Supp. 3d —, 2015 WL 5474354, at *10-11 (E.D.N.Y. Sept. 19, 2015); *Jimenez v. U.S. Envtl. Services, LLC*, 3:14-CV-0246, 2015 WL 4692850, at *3-4 (S.D. Tex. Aug. 6, 2015); *Ritchy v. Kirby Corp.*, CIV.A. 3:14-CV-0272, 2015 WL 4657548, at *4 (S.D. Tex. Aug. 5, 2015); *Carnes v. Friede & Goldman, L.L.C.*, — F. Supp. 3d —, 2015 WL 2185317, at *4 (E.D. Tex. May 11, 2015); *Clear Lake Marine Ctr., Inc. v. Leidolf*, CIV.A. H-14-3567, 2015 WL 1876338, at *2 (S.D. Tex. Apr. 22, 2015); *A.E.A. ex rel Angelopoulos v. Volvo Penta of the Americas, LLC*, 77 F. Supp. 3d 481 (E.D. Va. Jan. 9, 2015); *Harbor Docking & Towing, LLC v. Rolls Royce Marine North America, Inc.*, 2:14-CV-2487, 2014 WL 6608354, at *3 (W.D. La. Nov. 19, 2014); *Rutherford v. Breathwite Marine Contractors, Ltd.*, 59 F. Supp. 3d 809, 813 (S.D. Tex. Nov. 12, 2014); *Bisso Marine Co., Inc. v. Techcrane Int'l, LLC*, 2014 AMC 2695, 2014 WL 4489618, at *4 (E.D. La. Sep. 10, 2014); *Riley v. Llog Exploration Co. LLC*, 2014 AMC 2504, 2014 WL 4345002, at *3 (E.D. La. Aug. 28, 2014); *Bartman v. Burrece*, 3:14-CV-0080-RRB, 2014 WL 4096226, at *3-4 (D. Alaska Aug. 18, 2014); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, 2014 AMC 2324 (E.D. La. July 29, 2014); *Cassidy v. Murray*, 34 F. Supp. 3d 579, 584, 2014 AMC 2623 (D. Md. July 24, 2014); *Porter v. Great Am. Ins. Co.*, 2014 AMC 2259, 2014 WL 3385148 (W.D. La. July 9, 2014); *In re Foss Maritime Co.*, 29 F. Supp. 3d 955, 960 (W.D. Ky. June 27, 2014); *Pierce v. Parker Towing Co.*, 25 F. Supp. 3d 1372, 1380 (S.D. Ala. June 9, 2014); *Rogers v. BBC Chartering America, LLC*, 4:13-CV-3741,

2014 WL 819400, at *1 (S.D. Tex. Mar. 3, 2014); *Barry v. Shell Oil Co.*, CIVA 13-6133, 2014 U.S. Dist. LEXIS 23657, 2014 WL 775662, at *3 (E.D. La. Feb. 24, 2014).

Accordingly, the Court rejects Defendant's argument that if there is no Jones Act claim, general maritime law claims are removable because, absent an independent basis for jurisdiction, general maritime claims are not removable. *See Harrold* at *3.

Here, Defendant has not argued that any independent basis for jurisdiction exists, such as diversity. Rather, in its Notice of Removal, Defendant states that "[t]his cause is specifically removable to this Honorable Court pursuant to law, particularly the provision of 28 U.S.C. § 1333." (Doc. 1, p. 2 ¶ VI). However, "Section 1333 does not give federal courts subject matter jurisdiction over maritime claims brought at law." *Bisso Marine Co., Inc. v. Techcrane Int'l, LLC*, 2014 AMC 2695, 2014 WL 4489618, at *5 (citing *Coronel v. AK Victory,* 1 F. Supp. 3d 1175, 1184 (W.D. Wash. Feb. 28, 2014) ("[I]nherent in both the majority and the dissent's analysis [in *Romero*] is the conception that 28 U.S.C. § 1333 did not convey subject matter jurisdiction to federal courts hearing maritime claims brought at law.")). While Defendant has not established that any independent basis for jurisdiction exists, Defendant makes one final contention in its undertaking to prevent remand.

### iv.   Whether the Saving to Suitors Clause is Implicated

Finally, Defendant argues that "[t]rial by jury was not requested by the Plaintiffs and no remedy has been requested which cannot be pursued in a federal forum, so the savings to suitors clause is not implicated." (Doc. 16, p. 5).  Again, the Court is not persuaded.

As the Supreme Court has explained, "the saving to suitors clause protects *all remedies*, of which trial by jury is an obvious, *but not exclusive*, example." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 439 (2001) (emphasis added). Indeed, as stated above, also "saved" to the

suitor is "the right of the litigants to take advantage of the procedural differences between a federal court 'in admiralty' and that of the non-maritime court." *See* Force and Norris; Schoenbaum, *supra*.

Further, as explained by Judge Feldman:

> The saving to suitors clause has always been understood to preserve the remedy, not the forum. A distinction not without an important difference. Thus, admiralty cases filed in state court that fall within the federal court's jurisdiction under an independent, nonadmiralty doctrine, such as diversity, have always been removable. For centuries the savings clause has provided a maritime plaintiff with three options: (1) sue in admiralty in federal court under admiralty jurisdiction, (2) sue at law in state court, or (3) sue at law in federal court "if he can make proper parties to give that court jurisdiction of his case." *The Belfast,* 74 U.S. 634, 644 (1868). This long history remains unchanged by the 2011 amendments to the removal statute.

*Bisso*, 2014 WL 4489618, at *4.

Here, Plaintiffs elected to file suit at law in state court. Thus, contrary to Defendant's argument, the saving to suitors clause is implicated because Plaintiffs filed suit at law in state court. *See Chauvin v. Laredo Offshore Services, Inc.*, CIV. A. 97-3840, 1998 WL 88070, at *1 (E.D. La. Feb. 23, 1998) ("By filing suit in state court, the plaintiffs have clearly expressed their intention to pursue any maritime law claims in state court pursuant to the saving to suitors clause ... an identifying statement in the complaint that it is brought pursuant to the saving to suitors clause is not a requirement to invoke the clause."); *Shelton v. Tidewater, Inc.*, CIV. A. 90-1845, 1990 WL 103658, at *3 (E.D. La. July 16, 1990) ("The clear and simple fact that plaintiffs filed suit in state court documents plaintiffs' intention to proceed in state court as recognized by the savings to suitors clause."); *cf. Luera v. M/V Alberta*, 635 F.3d 181, 195 n. 8 (5th Cir. 2011) (explaining that the saving to suitors clause is triggered when a plaintiff exercises the clause in federal court by bringing her *in personam* claims in diversity rather than in admiralty).

In sum, Defendant has failed to establish an independent basis for federal jurisdiction. Absent an independent basis for jurisdiction, general maritime claims are not removable, despite the changes to 28 U.S.C. § 1441. The suit must therefore be remanded.

### III.   Conclusion

Accordingly, **IT IS ORDERED** that the action *Langlois, et al v. Kirby Inland Marine, LP*, 3:15-cv-00608-JWD-SCR is hereby **REMANDED** to the 18th Judicial District Court for the Parish of Iberville, Louisiana.

Signed in Baton Rouge, Louisiana, on <u>October 15, 2015</u>.


_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**